[No. 7036. Decided November 20, 1907.]

*In the Matter of* EAST GALER STREET and CRESCENT DRIVE, SEATTLE.

INTERLAKEN LAND COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*[1]

EMINENT DOMAIN — DAMAGES — VALUE IN RELATION TO OTHER TRACTS. In proceedings to widen a public street by condemning a strip of land one foot wide and 394 feet in length, lying between the street on one side and unplatted lands owned by other parties on the other, which had no access to the street, the jury is bound to take into consideration the value of the strip in connection with the adjoining tract of the other parties, and a verdict for nominal damages on the theory that the strip was of no use to the owner in its present situation is unwarranted.

Appeal from a judgment of the superior court for King county, Griffin, J., entered February 26, 1907, in condemnation proceedings, after an award by a jury of nominal damages for property appropriated for the purpose of widening a street. Reversed.

*E. H. Guie* and *Hughes, McMicken, Dovell & Ramsey,* for appellant.

*Scott Calhoun* and *O. B. Thorgrimson,* for respondent.

RUDKIN, J.—This was a proceeding instituted by the city of Seattle to appropriate and condemn a strip of land owned by the Interlaken Land Company, for the purpose of widen-

[1]Reported in 92 Pac. 423.

ing a street. The land sought to be appropriated consisted of a strip one foot in width and 394 feet in length, lying between a public street on the one side and unplatted lands owned by other parties on the other. The jury empaneled to assess the damages awarded to the defendant the nominal sum of $1. A motion for a new trial was denied, and from the decree of appropriation the present appeal is prosecuted.

The testimony offered at the trial was very brief. That introduced by the city was to the effect that the strip had no market value. The witness for the appellant, on the other hand, testified that he would consider the strip worth "The difference between the value of the property that it fronts, as it is without frontage, and as it would be if it had frontage," which difference he placed at the sum of $11,000. At the close of the testimony the appellant requested, among others, the following instructions, which were refused by the court:

"4. You are instructed that in estimating the value of said one-foot strip you should take into consideration the value of said foot strip and the property adjacent to it, taken together and what said adjacent property is reasonably worth standing alone in its present condition.

"5. You are entitled to consider the land adjacent to said one-foot strip and extending back to a depth of three hundred and thirty-three (333) feet to the south [being the next street], and to estimate the value of said adjacent land with the frontage on a street and its value without frontage on the street to the north, and to consider whether the owner of said adjacent land would pay the difference in such values for said one foot strip for the purpose of getting access to said street to the north, and, if he would not pay such difference in values for said one-foot strip, how near he would reasonably come to paying such difference."

While the instructions given were adequate in ordinary actions of this kind, yet, under the peculiar facts in this case, we think the instructions requested, or instructions of like import, should have been given. But whether we would feel warranted in reversing the judgment for the mere failure to

charge as requested we need not determine, for we are convinced that a new trial should have been granted for error in the assessment of the amount of the recovery. The jury evidently concluded that the strip in controversy had no value in use, and consequently no value in exchange. The jury was fully warranted in that conclusion if this strip of land must be considered alone and without regard to its situation and relation to adjoining property. But the jury had no right to so consider it. The strip in controversy and the unplatted tract lying to the south, when taken together, are just as valuable as if owned by the same person. At the present time the unplatted tract at the back of this strip is less valuable, because cut off from access to the street, and the strip in and of itself, has no value; but in the nature of things either tract is of value to the owner of the other, and this fact the jury entirely ignored. A tract of land may be of value for but a single purpose; it may be of value to but few persons, and it may have no value, except in connection with other lands owned by other parties. But if it has a value for any purpose, or to any person, or in connection with other lands, a jury will not be warranted in finding that it is without value.

Thus in *San Diego Land & Town Co. v. Neale*, 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83, the land sought to be appropriated had little or no value, except as a part of a reservoir site when used in connection with lands owned by other parties, and in discussing the question of values in such cases the court said:

"2. But it is argued that the value 'as a reservoir site' should not have been taken, because there was no practicable site for a dam upon the defendants' property, the only use of which for reservoir purposes being in connection with the land of the plaintiff. But while it might perhaps have been more accurate to say 'a part of a reservoir site,' or for 'reservoir purposes,' we think this trifling verbal inaccuracy need not be noticed, and that the evidence was properly admitted. While it is true that the defendants' property had no value for reservoir purposes except in connection with the land of the

plaintiff, it is equally true that the plaintiff's property had comparatively little value for such purposes except in connection with the land of the defendants: the plaintiff's own evidence being that 'with the defendants' land included, the reservoir will hold about six thousand million gallons, and without the land of the defendants it will hold only about one-tenth that quantity.' And, this being the case, we can see no more reason for saying that the plaintiff can take the defendants' portion without regard to its value for reservoir purposes, than for saying that the defendants (if they had happened to commence proceedings first) could take the plaintiff's portion upon the same basis."

See, also, *Boom Co. v. Patterson*, 98 U. S. 403, 25 L. Ed. 206; *Harrison v. Young*, 9 Ga. 359; *Louisville etc. R. Co. v. Ryan*, 64 Miss. 399, 8 South. 173.

We do not concede that the appellant was entitled to a verdict for such sum as he might be able to obtain under peculiar circumstances when a price greater than the fair market value could be obtained, nor for a speculative value, nor for a value that the owner might obtain through the necessities of others; but we do hold that the jury should have taken into consideration the situation of this strip of land, its relation to the adjoining tract, the value of the adjoining tract without access to the street, its value with access to the street, and determine from these facts and all the surrounding circumstances what a prudent owner might reasonably expect to realize for the strip from the adjoining owner. While the owner of a strip of land like this should not be permitted to take advantage of the necessities of others in fixing its value in a proceeding of this kind, yet, on the other hand, neither a city nor the adjoining owner should be permitted to confiscate his property because of no value in use to him. Such we believe to have been the result of the verdict in this case, and the judgment of the court below is therefore reversed and a new trial ordered.

HADLEY, C. J., FULLERTON, DUNBAR, ROOT, CROW, and MOUNT, JJ., concur.